The Honorable Robert S. Lasnik

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.B., *et al.*, by Bruce A. Wolf, their guardian ad litem, | CASE NO. 2:19-cv-00069-RSL |
| Plaintiffs, | UNITED STATES' ANSWER TO AMENDED COMPLAINT |
| v. | |
| UNITED STATES OF AMERICA, *et al.* | |
| Defendants. | |

COMES NOW the United States, by and through undersigned counsel, Brian T.

Moran, United States Attorney for the Western District of Washington, and Tricia

Boerger, Assistant United States Attorney for said District, and hereby files the following

Answer to Plaintiffs' Amended Complaint.

## I.  INTRODUCTION

1.1     Paragraph 1.1 is an introductory statement to which no response is required.

To the extent a response is required, the United States admits only that Plaintiffs were

removed from the care of their biological mother, and for Plaintiffs J.M. Jr., and G.M.,

their biological father.  To the extent Plaintiffs attempt to summarize the contents of

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DSHS or Tribal records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 1.1.

1.2     Paragraph 1.2 is an introductory statement to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 1.2 and puts Plaintiffs to their proof.

## II.  PARTIES

2.1     Admitted.

2.2     Admitted

2.3     Admitted.

2.4     Admitted.

2.5     The United States admits that Bruce A. Wolf was appointed by the King County Superior Court as a "Limited Guardian Ad Litem" for Plaintiffs "for the purpose of investigating, making a claim, and possibly bringing about a civil lawsuit against various parties and/or entities including the State of Washington, the Muckleshoot tribe, and/or other entities, agencies, or persons." Except as expressly admitted, the United States denies the allegations of Paragraph 2.5.

2.6     The United States admits that the Bureau of Indian Affairs ("BIA") has provided funding to the Muckleshoot Tribe under a Compact of Self-Governance, pursuant to Title II of Public Law 103-413. The terms of the Self-Governance Compact

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

speak for themselves and the United States specifically denies any terms or interpretations of terms inconsistent with the authenticated document(s). Except as expressly admitted, the United State denies the allegations of Paragraph 2.6.

2.7     Paragraph 2.7 is not directed at the United States and therefore no response is required.

### III.  JURISDICTION AND VENUE

3.1     Paragraph 3.1 is a statement of jurisdiction to which no response is required. To the extent a response is required, the United States admits only that the Plaintiffs have filed suit against the United States pursuant to the Federal Tort Claims Act ("FTCA") and that the alleged acts or omissions are claimed to have occurred in the Western District of Washington. Except as expressly admitted, the United States denies the allegations of Paragraph 3.1.

3.2     The United States admits that Plaintiffs' filed individual claims for damages with the BIA on February 21, 2018 and those claims were initially denied on August 16, 2018, and finally denied by the BIA after reconsideration, on October 11, 2018. Except as expressly admitted, the United States denies the allegations of Paragraph 3.2.

3.3     The United States admits that Plaintiffs' filed individual claims for damages with the U.S. Department of Health and Human Services on February 21, 2018, which claims were deemed denied by BIA's denial of the same claims on August 16,

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2018. Except as expressly admitted, the United States denies the allegations of Paragraph 3.3.

3.4     Paragraph 3.4 is not directed at the United States and therefore no response is required.

## IV.  FACTS

4.1     The United States admits, based upon information and belief, that S.B. and M.B. are the biological children of Jana Bellack and Nickolas Bakke. The United States lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 4.1 and therefore denies the same.

4.2     The United States admits, based upon information and belief, that J.M. Jr. and G.M. are the biological children of Jana Bellack and Jonathan S. Moses Sr.

4.3     The United States admits that Plaintiffs were removed from the care of Bellack in 2013. Except as expressly admitted, the United States denies the allegations in Paragraph 4.3.

4.4     To the extent Plaintiffs attempt to summarize the contents of DSHS or Tribal records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 4.4.

4.5     The United States admits that DSHS removed M.B. and S.B. from Bellack's home and placed them with relatives in 2005 and 2007. The United States lacks

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sufficient knowledge or information to admit or deny the allegations as to Plaintiff, J.M., Jr. The United States avers that Plaintiff, G.M. was not yet born at the time of the allegations in Paragraph 4.5. Except as expressly admitted, the United States denies the allegations in Paragraph 4.5.

4.6     The allegations in Paragraph 4.6 are too vague as to the identity of the referenced sex offender, or the specific Plaintiffs, for the United States to admit or deny the allegations and therefore, the United States denies the same. The United States avers that two of the Plaintiffs, J.M., Jr. and G.M., are alleged to be the biological children of Jonathan S. Moses, Sr.

4.7     The allegations in Paragraph 4.7 are too vague as to the timeframe or identity of specific reports received by DSHS or the Tribe to admit or deny the allegations and therefore, the United States denies the same.

4.8     To the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 4.8.

4.9     Based upon information and belief, the United States denies that Francis Cacalda was an employee of the Tribe on or about May 31, 2005. To the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically

denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. The United States further avers that the allegations in the last sentence of Paragraph 4.9 are too vague as to the identity of the convicted felon or registered sex offender to admit or deny the allegations and therefore, the United States denies the same. Except as expressly admitted, the United States denies the allegations in Paragraph 4.9.

4.10    The United States admits the allegations in the first sentence of Paragraph 4.10. The United States admits that, upon information and belief, Plaintiffs S.B. and M.B. were passengers in the car, and that M.B. suffered a broken arm. As to the remaining allegations in Paragraph 4.10, to the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. The United States avers that two Plaintiffs are alleged to be the biological children of Jonathan Moses Sr. and that Plaintiff, G.M., was not yet born at the time of the incident alleged in Paragraph 4.10. Except as expressly admitted, the United States denies the allegations in Paragraph 4.10.

4.11    As to the allegations in the first four sentences of Paragraph 4.11, to the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

content of the authenticated records. As to the remaining allegations in Paragraph 4.11, the allegations are too vague in time and scope for the United States to admit or deny the allegations and therefore, the United States denies the same. Except as expressly admitted, the United States denies the allegations in Paragraph 4.11.

4.12    To the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 4.12.

4.13    To the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 4.13.

4.14    To the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 4.14.

4.15    To the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 4.15.

4.16    To the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 4.16.

4.17    To the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 4.17.

4.18    To the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. The allegations in the last sentence of Paragraph 4.18 regarding "States, Federal, and Tribal rules and policies," are too vague for the United States to admit or deny the allegations and therefore, the United States denies the same. Except as expressly admitted, the United States denies the allegations in Paragraph 4.18.

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.19    The allegations in the first sentence of Paragraph 4.19 are too vague in time or scope for the United States to admit or deny the allegations and therefore, the United States denies the allegations in the first sentence of Paragraph 4.19. As to the remaining allegations in Paragraph 4.19, to the extent Plaintiffs attempt to summarize the contents of criminal records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 4.19.

4.20    The allegations in Paragraph 4.20 are too vague in time or scope for the United States to admit or deny the allegations and therefore, the United States denies the allegations in Paragraph 4.20.

4.21    To the extent Plaintiffs attempt to summarize the contents of DSHS records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the content of the authenticated records. Except as expressly admitted, the United States denies the allegations in Paragraph 4.21.

4.22    The United States admits that Plaintiffs were removed from Bellack's home on May 2, 2013. As to the remaining allegations in Paragraph 4.22, to the extent Plaintiffs attempt to summarize the contents of DSHS or police records, the United States admits only that the records speak for themselves as to their content, and the United States specifically denies any allegations in the Amended Complaint inconsistent with the

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

content of the authenticated records. Except as expressly admitted, the United States

denies the allegations in Paragraph 4.22.

4.23   Denied.

4.24   The United States admits the allegations in the first sentence of Paragraph

4.24. The United States lacks sufficient knowledge or information to admit or deny the

remaining allegations in Paragraph 4.24 and therefore, the United States denies the same.

4.25   The United States admits the allegations in the first sentence of Paragraph

4.25. The United States admits the allegations in the last sentence of Paragraph 4.25. The

United States lacks sufficient knowledge or information to admit or deny the remaining

allegations in Paragraph 4.25 and therefore, the United States denies the same.

4.26   The United States lacks knowledge or information sufficient to admit or

deny the allegations in Paragraph 4.26 and therefore denies the same.

4.27   The United States admits the allegations in the first and second sentences of

Paragraph 4.27. To the extent Plaintiffs attempt to summarize the contents of Dr.

Coffey's records, the United States admits only that the records speak for themselves as

to their content, and the United States specifically denies any allegations in the Amended

Complaint inconsistent with the content of the authenticated records. Except as expressly

admitted, the United States denies the allegations in Paragraph 4.27.

4.28   The United States lacks knowledge or information sufficient to admit or

deny the remaining allegations in Paragraph 4.28 and therefore denies the same.

## V.  CAUSES OF ACTION

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.1     Denied.

5.2     Denied.

5.3     Denied.

5.4     Denied.

5.5     Denied.

5.6     Denied.

## VI.  INJURIES AND DAMAGES

6.1     Denied.

6.2     There are no substantive allegations in Paragraph 6.2 and therefore no response is required. To the extent a response is required, the United States denies that any act or omission of a government employee caused Plaintiffs' claimed injuries or damages.

## VII.  RELIEF REQUESTED

7.1 – 7.4     The United States makes no response to Plaintiffs' prayer for relief as none is required. To the extent a response is required, the United States denies that Plaintiffs are entitled to the relief sought from the United States.

All allegations in Plaintiffs' Amended Complaint not specifically admitted are denied.

//

//

## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiffs' claims against the United States fail to state a claim upon which relief can be granted.

2.      Plaintiffs' claims against the United States are barred by the statute of limitations for failure to timely submit their claims in writing to the appropriate federal agency within two years after the claim(s) accrued pursuant to 28 U.S.C. § 2401(b).

3.      The Court lacks subject matter jurisdiction over Plaintiffs' claims against the United States.

4.      Plaintiffs' Amended Complaint fails to provide the United States with fair notice of all claims in accordance with Fed. R. Civ. P. 8.

5.      The injuries and damages alleged in Plaintiffs' Amended Complaint were not actually or proximately caused by or contributed to by any negligent or wrongful act or omission of any agent, employee, or representative of the United States.

6.      Plaintiffs' damages, if any, must be reduced by the percentage of fault attributable to persons or entities other than the United States, including but not limited to the State of Washington.

7.      Plaintiffs' claims against the United States are barred to the extent that they are based on the execution of a statute or regulation pursuant to 28 U.S.C. § 2680(a).

8.      Plaintiffs' claims against the United States are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty pursuant to 28 U.S.C. § 2680(a).

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.      Plaintiffs' injuries and damages, if any, were caused by the acts or omissions of others over whom the United States had no control.

10.     Plaintiffs' injuries and damages, if any, were caused by other preexisting or unrelated sicknesses, injuries, or other medical or mental health conditions.

11.     The United States complied with any duties of care it may have owed Plaintiffs under Washington State law.

12.     To the extent Plaintiffs' Amended Complaint asserts claims of negligence or relief not raised in their administrative claims, the claims are barred by 28 U.S.C. § 2675(a).

13.     To the extent Plaintiffs are entitled to recover damages from the United States in this action, which the United States denies, the United States is entitled to a credit or set-off for any past or future non-collateral source benefits paid to or on behalf of or received by any Plaintiff, to the extent allowed under federal and state common law and statutory law.

14.     To the extent Plaintiffs are entitled to recover any damages from the United States in this action, which the United States denies, Plaintiffs' recovery is limited to the damages recoverable under the Federal Tort Claims Act.

15.     Pursuant to 28 U.S.C. § 2674, Plaintiffs are not entitled to recover pre-judgment interest against the United States.

16.     The United States hereby specifically preserves any and all other defenses, not currently known, which it has or through discovery it learns may be applicable.

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

WHEREFORE, having fully answered all counts of the Amended Complaint, the United States prays that Plaintiffs take nothing by way of their Amended Complaint, that it be dismissed, and that judgment be awarded in favor of the United States, together with costs and such other and further relief, as the Court deems appropriate in this case.

DATED this 23rd day of April, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney


s/ Tricia Boerger
TRICIA BOERGER, WSBA #38581
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
Phone:  206-553-7970
Fax:  206-553-4067
Email:  tricia.boerger@usdoj.gov
*Attorneys for Defendant*

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on April 23, 2019, I electronically filed said pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):


Allen M. Ressler              allen@resslertesh.com


I further certify that on April 23, 2019, I mailed by United States Postal Service said pleading to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

-0-

Dated this 23rd day of April, 2019.

                              s/ Julene Delo
                              JULENE DELO, Legal Assistant
                              United States Attorney's Office
                              700 Stewart Street, Suite 5220
                              Seattle, Washington 98101-1271
                              Phone:  206-553-7970
                              Fax:  206-553-4067
                              Email:  julene.delo@usdoj.gov

United States' Answer to Amended Complaint
2:19-cv-00069-RSL - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970