The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.B., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*<br><br>Defendants. | CASE NO. 2:19-cv-00069-RSL<br><br>UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION FOR RELIEF UNDER FRCP 17(c)(2) |

COMES NOW the United States, by and through undersigned counsel, Brian T. Moran, United States Attorney for the Western District of Washington, and Tricia Boerger, Assistant United States Attorney for said District, and hereby files the following Response to Plaintiffs' Motion for Relief Under FRCP 17(c)(2).

## I.   INTRODUCTION

On September 18, 2019, following a hearing in the King County Superior Court on the Muckleshoot Indian Tribe's (the "Tribe") motion to vacate appointment of Bruce A. Wolf as a Limited Guardian Ad Litem ("LGAL") for the minor Plaintiffs, the Superior Court vacated the appointment of Mr. Wolf for lack of jurisdiction and notice to the Tribe

United States' Response to
Plaintiffs' Motion for Relief
Under FRCP 17(c)(2)
2:19-cv-00069-RSL - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

because the Tribe has had exclusive jurisdiction of the minors and open dependency proceedings since 2013. The Superior Court directed Mr. Wolf to seek an LGAL appointment through the Tribal Court.

The following day, on September 19, 2019, Plaintiffs filed the present motion seeking appointment of Mr. Wolf as a guardian ad litem ("GAL") pursuant to Fed. R. Civ. P. 17(c)(2).

## II.   STATEMENT OF FACTS

Plaintiffs S.B. and M.B. are the biological children of Jana Bellack and Nickolas Bakke. Dkt. No. 14, p. 4. The children were wards of the State of Washington (the "State") until jurisdiction was transferred to the Tribe on October 15, 2013. Declaration of Tricia Boerger ("Boerger Decl.") at ¶ 2. The children have remained in the dependency of the Tribe since that date. *Id.*

Plaintiffs, J.M. Jr. and G.M. are the biological children of Jonathan S. Moses Sr. and Jana Bellack. Dkt. No. 14, p. 4. The children have been in the dependency of the Tribe since May 2013, but were not previously wards of the State. Boerger Decl. at ¶ 3.

Plaintiffs, M.B., J.M. Jr., and G.M. are domiciled on the Tribal reservation. *Id.* at ¶ 4. Plaintiff, S.B., has a Tribal Court appointed GAL. *Id.* at ¶ 5.

On July 19, 2016, Nickolaus R. Bakke, through Allen M. Ressler and Timothy R. Tesh of Ressler & Tesh, PLLC, petitioned, in King County Superior Court, for the appointment of Bruce A. Wolf as an LGAL for the minor Plaintiffs in this action. Dkt.

United States' Response to
Plaintiffs' Motion for Relief
Under FRCP 17(c)(2)
2:19-cv-00069-RSL - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

No. 24-2. On August 4, 2016, an Order Appointing Limited Guardian Ad Litem was entered in King County Superior Court. Dkt. No. 24-5.

On January 15, 2019, a Complaint was filed by Bruce A. Wolf as LGAL, alleging negligence in the investigation by the Tribe of foster care placements for the four minor Plaintiffs. Dkt. No. 1. On April 9, 2019, an Amended Complaint was filed adding the State as a defendant. Dkt. No. 14.

On August 23, 2019, the Tribe filed a motion in King County Superior Court to vacate the appointment of Mr. Wolf as an LGAL based upon lack of notice to the Tribe and lack of jurisdiction. Dkt. No. 24, p. 3. After a hearing on the Tribe's motion on September 18, 2019, the King County Superior Court vacated the appointment of Mr. Wolf, finding that the Tribe has had exclusive jurisdiction over the four minor Plaintiffs since 2013, and directing Mr. Wolf to seek an LGAL appointment through the Tribal Court. Dkt. No. 24-6. To date, Mr. Wolf has not sought such an appointment from the Tribal Court. Boerger Decl. at ¶ 6. On September 19, 2019, Plaintiffs filed the present motion seeking appointment of a GAL pursuant to Fed. R. Civ. P. 17(c)(2) using petitions signed by Nickolas Bakke and S.B. in July and August 2016.

### III.   AUTHORITY

Fed. R. Civ. P. 17(b)(1) provides that the capacity to sue or be sued for an individual who is not acting in a representative capacity is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(c)(1) provides that a general guardian,

United States' Response to
Plaintiffs' Motion for Relief
Under FRCP 17(c)(2)
2:19-cv-00069-RSL - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

committee, conservator, or a like fiduciary may sue or defend on behalf of a minor. Fed. R. Civ. P. 17(c)(2) provides:

> A minor or an incompetent person **who does not have a duly appointed representative** may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

(emphasis added).

The decision whether to appoint a GAL is left to the discretion of the Court. *Davis v. Walker*, 745 F.3d 1303 (9th Cir. 2014) (citing *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 804 (9th Cir. 1986)). While the Court is obligated to consider whether a person is adequately protected, appointment of a GAL when there is no representative is not mandatory. *Davis,* 745 F.3d at 1310. The Court has the broad discretion to enter an appropriate order for the protection of minors in lieu of a GAL, if necessary. *Id.* After appointing a GAL, the Court "maintains a continuing obligation to supervise the guardian *ad litem's* work." *Neilson v. Colgate–Palmolive Co.,* 199 F.3d 642, 652 (2nd Cir.1999) (citing *Dacanay v. Mendoza,* 573 F.2d 1075, 1079 (9th Cir.1978); *Noe v. True,* 507 F.2d 9, 12 (6th Cir.1974)). The Court may remove the GAL at any time. *Hull by Hull v. U.S.*, 53 F.3d 1125, 1127 n. 1 (10th Cir. 1995).

The Indian Child Welfare Act ("ICWA") confers exclusive jurisdiction over child custody proceedings upon tribal courts concerning an Indian child who is domiciled on a reservation. *Navajo Nation v. Confed. Tribes and Bands of the Yakima Indian Nation*,

United States' Response to
Plaintiffs' Motion for Relief
Under FRCP 17(c)(2)
2:19-cv-00069-RSL - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

331 F.3d 1041, 1045 (9th Cir. 2003) (citing 25 U.S.C. § 1911). "An Indian child who is not domiciled on a reservation is subject to the concurrent jurisdiction of tribal court and state court." *Id.* On petition of either parent or the tribe, state-court proceedings for foster care placement or termination of parental rights are to be transferred to the tribal court, except in cases of "good cause," objection by either parent, or declination of jurisdiction by the tribal court. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 36 (1989). Here, the State transferred jurisdiction of S.B. and M.B. to the Tribe on October 12, 2013. Minors J.M. Jr. and G.M. have been subject to the jurisdiction of the Tribal Court since May 2013.

Where, as here, a legal representative or general guardian already represents the interests of a minor, the appointment of a GAL may not be necessary or appropriate. The First, Fifth and Tenth Circuits have held that where a minor or incompetent is represented by a general guardian or conservator, a next friend lacks standing absent express consent or court order. *See Susan R.M. v. Northeast Indep. School Dist.,* 818 F.2d 455, 458 (5th Cir.1987) ("Nothing in the federal rules, however, authorizes the parent of a child for whom a legal representative has been appointed to file an action without obtaining court authority to do so."); *Developmental Disabilities Advocacy Center, Inc. v. Melton,* 689 F.2d 281, 285–86 (1st Cir.1982) (court refused next friend standing when general guardian objected to suit); *Garrick v. Weaver*, 888 F.2d 687, 692-93 (10th Cir. 1989) (parent lacked legal standing to represent her children where a GAL had already been appointed).

United States' Response to
Plaintiffs' Motion for Relief
Under FRCP 17(c)(2)
2:19-cv-00069-RSL - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

"As a general rule, a federal court cannot appoint a guardian ad litem in an action in which the infant or incompetent already is represented by someone who is considered appropriate under the law of the forum state." *T.W. by Enk v. Brophy*, 124 F.3d 893, 895-96 (7th Cir. 1997) (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1570, p. 497 (2d ed.1990)) ("Unless—and here we come to the heart of the dispute in this case—the court finds the child's general representative to be inadequate, it should not allow the general representative to be bypassed by appointing a special representative to litigate on behalf of his ward."). "Yet even if the child's existing representative is in fact inadequate, another next friend can't jump into the case without first obtaining a court order disqualifying the existing representative from representing the child in the suit." *Brophy*, 124 F.3d at 895 (citing *Garrick, supra,* 888 F.2d at 692-93; *Susan R.M. by Charles L.M.,* 818 F.2d at 458).

## IV.  CONCLUSION

The United States requests the Court consider all of the circumstances of the minors' legal representation in this matter, including that they are wards of the Tribe and subject to the jurisdiction of the Tribal Court, in determining whether appointment of a GAL is appropriate pursuant to Fed. R. Civ. P. 17(c).

DATED this 30th day of September, 2019.

                                              Respectfully submitted,

                                              BRIAN T. MORAN
                                              United States Attorney

United States' Response to
Plaintiffs' Motion for Relief
Under FRCP 17(c)(2)
2:19-cv-00069-RSL - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| 1 | |
| 2 | s/ Tricia Boerger |
| | TRICIA BOERGER, WSBA #38581 |
| 3 | Assistant United States Attorney |
| | United States Attorney's Office |
| 4 | 700 Stewart Street, Suite 5220 |
| 5 | Seattle, Washington  98101-1271 |
| | Phone:  206-553-7970 |
| 6 | Fax:  206-553-4067 |
| 7 | Email:  tricia.boerger@usdoj.gov |
| | *Attorneys for the United States of America* |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on September 30, 2019, I electronically filed said pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

   Allen M. Ressler          allen@resslertesh.com

I further certify that on September 30, 2019, I mailed by United States Postal Service said pleading to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

-0-

Dated this 23rd day of April, 2019.

        s/ Julene Delo
        JULENE DELO, Legal Assistant
        United States Attorney's Office
        700 Stewart Street, Suite 5220
        Seattle, Washington 98101-1271
        Phone: 206-553-7970
        Fax: 206-553-4067
        Email: julene.delo@usdoj.gov

United States' Response to
Plaintiffs' Motion for Relief
Under FRCP 17(c)(2)
2:19-cv-00069-RSL - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970