# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

S.B., M.B., J.M. Jr., and G.M., minors, by Bruce A. Wolf, their guardian ad litem,

    Plaintiffs,

v.

UNITED STATES OF AMERICA AND STATE OF WASHINGTON,

    Defendants.

Case No. 2:19-cv-00069-RSL

ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF UNDER FRCP 17(c)(2)

    This matter comes before the Court on plaintiffs' Motion for Relief under FRCP 17(c)(2). Plaintiffs, who are minors, ask the Court to either appoint Bruce A. Wolf as their guardian ad litem, or in the alternative, to determine that plaintiffs' interests are adequately represented by their counsel and no guardian ad litem is necessary. Dkt #24. A Washington State Superior Court appointed Mr. Wolf as the plaintiffs' limited guardian ad litem in August 2016. Dkt. #24-5. Plaintiffs then filed this lawsuit against the United States on January 15, 2019, Dkt. #1, and amended their complaint, joining the State of Washington as an additional defendant on April 9, 2019, Dkt. #14. In late August 2019, the Muckleshoot Indian Tribe ("the Tribe") moved to vacate Mr. Wolf's limited guardian

ORDER GRANTING
MOTION FOR RELIEF - 1

ad litem appointment in Superior Court, arguing that the Tribe had exclusive jurisdiction over plaintiffs but had not received requisite notice of the appointment. Dkt. #24-6; Dkt. #26 at 1. The Superior Court granted the motion, vacating its order. Dkt #24-6. Accordingly, plaintiffs now pursue this action in negligence against the United States and Washington State without a guardian ad litem.

Federal Rule of Civil Procedure 17(c)(2) provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order" to protect the unrepresented minor. Fed. R. Civ. P. 17(c)(2). Plaintiffs, who are wards of the Tribe, contend that the Tribe cannot represent them because plaintiffs' interests are adverse to the Tribe's interests in this negligence action. Dkt. #24 at 4 n.5, (citing *Chrissy F. ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25 (5th Cir. 1989)); *see also Ad Hoc Comm. of Concerned Teachers on Behalf of Minor and Under-Age Students Attending Greenburgh Eleven Union Free School Dist. v Greenburgh No. 11 Union Free School Dist.*, 873 F.2d 25, 29 (2d Cir. 1989). Plaintiffs also note that the Superior Court's vacation of its order appointing Mr. Wolf as plaintiffs' limited guardian ad litem was unrelated to his fitness for the role. Dkt. #24 at 3.

Neither the State of Washington nor the United States explicitly oppose plaintiffs' instant motion. However, the United States notes that the Tribe has jurisdiction over plaintiffs and implies that this Court must issue an order disqualifying the Tribe from representing plaintiffs in this suit if it determines that the Tribe's representation is inadequate and appoints a guardian ad litem instead. Dkt #26 at 5-6 (citing *T.W. by Enk v. Brophy*, 124 F.3d 893, 895-96 (7th Cir. 1997)). This Court declines to issue such an order because it finds the appointment of a guardian ad litem unnecessary in light of adequate

representation by plaintiffs' counsel. *See United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (noting district court's "broad discretion" in determining whether to appoint a guardian ad litem); *Hendrickson v. Griggs*, 672 F.Supp. 1126, 1132 (N.D. Iowa 1987) (determining that a guardian ad litem need not be appointed to represent class of juveniles because class counsel could adequately represent their interests); *Child v. Beam*, 412 F.Supp. 593, 599 (S.D.N.Y. 1976) ("The term ['next friend'] is broad enough to include any one who has an interest in the welfare of an infant who may have a grievance or cause of action."). Here, Plaintiffs' counsel, Allen M. Ressler, has vigorously advocated on their behalf and will be an appropriate representative.

For all the foregoing reasons, the Court hereby orders that plaintiffs' Motion for Relief Under FRCP 17(c)(2) (Dkt. #24) is GRANTED. The Court finds that no guardian ad litem is necessary to pursue this action because plaintiffs' counsel adequately represents plaintiffs' interests.

DATED this 7th day of November, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION FOR RELIEF - 3