The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.B., *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, *et al.*<br><br>      Defendants. | CASE NO.  2:19-cv-00069-RSL<br><br>UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY/CLIENT CONTACT |

## I.    INTRODUCTION

Plaintiffs' counsel requests that this Court order the United States to facilitate and oversee ongoing contact and communication with the four minor Plaintiffs in this matter, all of whom are dependents of the sovereign Muckleshoot Indian Tribe ("Tribe"), with active and open dependency proceedings in the Muckleshoot Tribal Court ("Tribal Court"). Plaintiffs' counsel has failed and refused to seek guidance or authority from the sovereign Tribal Court to communicate with or contact the children and therefore, cannot claim that access to the children has been denied.

It is axiomatic that the Tribe has exclusive jurisdiction over domestic relations on the reservation, including the appointment of guardians for tribal members. The United States has no

authority to intercede in the sovereign powers of the Tribal Court or its exercise of jurisdiction over the dependency proceedings for these children. Any order directing otherwise would not be binding on the Tribal Court, which could continue to assert sovereign power and management responsibilities over tribal dependents. Plaintiffs' counsel needs to petition the Tribal Court for access to the children, as the Tribal Court has exclusive jurisdiction over the four minor Plaintiffs in this case.

## II.  STATEMENT OF FACTS

Plaintiffs S.B. and M.B. are the biological children of Jana Bellack and Nickolas Bakke. Dkt. No. 14, p. 4. The children were wards of the State of Washington (the "State") until jurisdiction was transferred to the Tribe on October 15, 2013. Declaration of Tricia Boerger, Dkt. No. 27, ¶ 2. The children have remained in the dependency of the Tribe since that date. *Id.*; *see also* Declaration of Trent S.W. Crable ("Crable Decl.") attached hereto at ¶ 4.

Plaintiffs, J.M. Jr. and G.M. are the biological children of Jonathan S. Moses Sr. and Jana Bellack. Dkt. No. 14, p. 4. The children have been in the dependency of the Tribe since May 2013, but were not previously wards of the State. Dkt. No. 27, ¶ 3. Plaintiffs, M.B., J.M. Jr., and G.M. are domiciled on the Tribal reservation. *Id.* at ¶ 4. Plaintiff, S.B., has a Tribal Court appointed GAL and a Tribal Court appointed attorney. Crable Decl. at ¶ 5.

As guardian of each of the four children, the Tribe, acting primarily through the Muckleshoot Child and Family Services ("MCFS") department, is bound to act in the children's best interest. Crable Decl, Ex. D, Muckleshoot Child and Family Welfare Ordinance, Title 12, Chapter 12.01.010; 12A.01.010; 12A.05.070. The Tribe has a detailed Child and Family Welfare Ordinance that sets forth the Tribe's policies and procedures in dependency cases, including guardianships and petitions for the appointment of a guardian ad litem. *Id.* at Chapter 12A.

United States' Response to
Plaintiffs' Motion for
Attorney/Client Contact
2:19-cv-00069-RSL - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Furthermore, MCFS is bound by Tribal Court Orders to maintain legal custody of the children, which require MCFS to maintain "full authority to make any and all decisions regarding the health and welfare of" each child with an to ensure that "[n]o one shall interfere with" MCFS's legal custody, or the physical custody of the placement. *Id.* at ¶ 8. The Tribe may be relieved of those obligations, in whole or in part, only by order of the Tribal Court. *Id.*

Despite having exclusive jurisdiction over the children since 2013, the Tribe was unaware of the appointment of a limited guardian ad litem, Bruce Wolf, in King County Superior Court in 2016. *Id.* at ¶ 11. Rather than immediately seeking to vacate Mr. Wolf's appointment for lack of notice, the Tribe attempted to provide guidance to Plaintiffs' counsel, Allen Ressler, as to facilitating contact with the children through the Tribal Court. *Id.* at ¶ 12, Ex. A. When Mr. Ressler failed to respond, the Tribe moved to vacate the appointment of Mr. Wolf. *Id.* at ¶ 13. On September 18, 2019, the King County Superior Court found that it lacked jurisdiction to appoint Mr. Wolf in light of the Tribal Court's exclusive jurisdiction over the children and vacated his appointment, directing Plaintiffs' counsel to seek appointment of a guardian through the Tribal Court. *Id.* at ¶ 14; Dkt. No. 24-6. Instead of seeking appointment of a guardian through the Tribal Court, Plaintiffs' counsel sought relief in this Court. *Id.* at ¶ 15. The Court determined that appointment of a guardian ad litem for purposes of this litigation was not necessary. Dkt. No. 31.

Between November 13, 2019 and November 15, 2019, the Tribe's counsel and Plaintiffs' counsel exchanged correspondence regarding facilitating contact with the children. *Id.* at ¶¶ 17-19, Ex. A-C. In the correspondence, the Tribe emphasized the need to seek authority and guidance from the Tribal Court, which has exclusive jurisdiction of dependency and guardianship proceedings relating to the four minor Plaintiffs. *Id.* Plaintiffs' counsel indicated that he would not seek authority from the Tribal Court, but rather from this Court. *Id.* at 18. The

United States' Response to
Plaintiffs' Motion for
Attorney/Client Contact
2:19-cv-00069-RSL - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Tribe's counsel advised that, due to the Tribal Court's exclusive jurisdiction over guardianship matters related to the children, any order that limits or hinders those rights would be unenforceable. *Id.* at ¶ 19, Ex. C. The Tribe urged Plaintiffs' counsel to coordinate access to the children through the Tribal Court and offered to jointly petition the Tribal Court for appointment of a guardian ad litem for purposes of this litigation. *Id.* at ¶ 21. To date, Plaintiffs' counsel has not made any effort to seek access to the children through the Tribal Court. *Id.* at ¶ 20; *see also* Declaration of Bobbie Jo Norton ("Norton Decl."), Tribal Court Administrator, attached hereto at ¶¶ 2-4.

### III.    AUTHORITY

#### A.  The Muckleshoot Indian Tribe Has Exclusive Jurisdiction over Child Custody Matters for the Four Minor Plaintiffs

Indian Tribes are "domestic dependent nations" that exercise "inherent sovereign authority." *Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 788 (2014) (internal citations omitted). "Tribes have plenary and exclusive power over their members and their territory *subject only to limitations imposed by federal law.*" *Cohen's Handbook of Federal Indian Law,* § 4.01(1)(b) (Nell Jessup Newton ed., 2012), *citing Worcester v. Georgia*, 31 U.S. 515, 555 (1832) (emphasis added). Quintessential attributes of sovereignty include "the power [of the Tribe] to constitute and regulate its form of government" and "the power to determine its own tribal membership." *Id.* at § 4.01(2)(a) and (b). The "most basic principle of all Indian law . . . is that those powers lawfully vested in an Indian nation are not, in general, delegated powers granted by express acts of Congress, but rather 'inherent powers of a limited sovereignty which has never been extinguished.'" *Id.* at § 4.01(1)(a), *citing United States v.*

United States' Response to
Plaintiffs' Motion for
Attorney/Client Contact
2:19-cv-00069-RSL - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  *Wheeler*, 435 U.S. 313, 322-323 (1978). Thus, unless and "until Congress acts," tribes retain

2  their sovereign authority. *Bay Mills Indian Community*, 572 U.S. at 788.

3      "One area of extensive tribal power is domestic relations among tribal members," which

4  includes the authority of tribes to appoint guardians for incompetents and minors. *Cohen's*

5  *Handbook*, § 4.01(2)(c), *citing e.g. Fisher v. Dist. Ct.*, 424 U.S. 382 (1976). The Indian Child

6  Welfare Act ("ICWA") confers exclusive jurisdiction over child custody proceedings upon tribal

7  courts concerning an Indian child who is domiciled on a reservation. *Navajo Nation v. Confed.*

8  *Tribes and Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1045 (9th Cir. 2003) (citing 25

9  U.S.C. § 1911). In its broadest terms, ICWA "constructs a statutory scheme to prevent states

10  from improperly removing Indian children from their parents, extended families and tribes .... It

11  functions to expand and enhance tribal power over decision-making regarding [Indian] families."

12  *Cohen's Handbook*, § 11.01(1).

13      In this case, the Tribe has exclusive jurisdiction over its members and the appointment of

14  guardians for minors; and this jurisdiction and responsibility has, in no way, been limited by an

15  act of Congress.

16  ### B.  The ISDEAA Does Not Divest the Tribe's Jurisdiction over the Minor Plaintiffs

17      Contrary to Plaintiffs' assertion, the Indian Self-Determination and Education Assistance

18  Act ("ISDEAA") does not abrogate the exclusive jurisdiction of the Tribal Court over the

19  dependency of the children in this case. Like ICWA, the ISDEAA was created to expand and

20  enhance tribal autonomy. 25 U.S.C. § 5302(a); *Navajo Nation v. Dept. of Health & Human Svcs.*,

21  325 F.3d 1133, 1141 (9th Cir. 2003). Congress' stated purpose in enacting the ISDEAA was to

22  transfer Federal administration of programs and services to Indian tribes to foster the

23  development of strong and stable tribal governments. *Id.*; *Solomon v. Interior Regional Housing*

United States' Response to
Plaintiffs' Motion for
Attorney/Client Contact
2:19-cv-00069-RSL - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  *Auth.*, 313 F.3d 1194, 1199 (9th Cir. 2002). Under an ISDEAA contract, the federal government

2  supplies funding to a tribal organization, thereby allowing the tribe to plan, conduct, and

3  administer a program or service that the federal government otherwise provided to the tribe. *FGS*

4  *Constructors, Inc. v. Carlow*, 64 F.3d 1230, 1234 (8th Cir. 1995).

5          As originally enacted, the ISDEAA allowed the federal government to require Indian

6  tribes to obtain liability insurance before entering into self-determination contracts. *See*

7  25 U.S.C. § 450g(c) (repealed by Pub. L. 100-472, § 201(b)(1), Oct. 5, 1988, 102 Stat. 2289).

8  Because some of the money earmarked by Congress for tribally run programs was lost to indirect

9  costs, such as liability insurance, in 1988, the ISDEAA was substantially amended in part to

10 "remove many of the administrative and practical barriers that seem[ed] to persist under the

11 Indian Self-Determination Act." Senate Report 100-274 at 2 (1987) *reprinted in* 1988 U.S. Code

12 Cong. & Admin. News 2620, 2628; *see also* Pub. L. 100-472, § 201(c)(1), Oct. 5, 1988, 102 Stat.

13 2285, 2289 (1988). In 1990, Congress amended the ISDEAA to allow recovery under the FTCA

14 for tort claims arising from the performance of ISDEAA contracts in order to avoid the costs

15 incurred by tribes in securing liability insurance. *See* Pub. L. 100-121, § 315, 103 Stat. 701, 744

16 (1989); *Carlow*, 64 F.3d at 1234.

17         The ISDEAA, as amended, provides that "any civil action or proceeding" against "any

18 tribe, tribal organization, Indian contractor or tribal employee" involving claims resulting from

19 the performance of a "contract, grant agreement, or any other agreement or compact" authorized

20 by the ISDEAA "shall be deemed an action against the United States" and "be afforded the full

21 protection and coverage of the Federal Tort Claims Act." Pub. L. No. 101-121 § 315, 103 Stat.

22 701, 744 (1989); Pub. L. No. 101-512, Title III, § 314, 104 Stat. 1915, 1959-60 (1990). This

23 provision is known as "§ 314." Section 314 is an extension of the United States' waiver of

United States' Response to
Plaintiffs' Motion for
Attorney/Client Contact
2:19-cv-00069-RSL - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

sovereign immunity under the FTCA, but only for cognizable tort claims under the FTCA. *Snyder v. Navajo Nation*, 382 F.3d 892, 897 (9th Cir. 2004).

There is nothing in the ISDEAA or § 314 that provides that an Indian tribe is divested of sovereign authority over child custody or guardianship matters as a result of entering into an ISDEAA contract, grant or agreement; and Plaintiffs' counsel fails to point to any such authority in support of his argument in this case. Indeed, such an interpretation would flip the ISDEAA on its head by diminishing the power of tribes to manage its own affairs in favor of federal officials. That was not the purpose or intent of Congress' decision to provide coverage for tort claims pursuant to the FTCA for Indian tribes. Rather, as set forth above, Congress' purpose was to reduce the loss of money earmarked by Congress for tribally run programs to indirect costs, such as liability insurance.

It does not follow that, because the United States may be substituted as the proper party for tort claims against a tribe pursuant to § 314, the United States has authority to intercede in the Tribal Court's child custody or guardianship proceedings and facilitate access to dependents of the Tribal Court. The ISDEAA does not provide federal officials with authority to compel a Tribe to take any action or refrain from taking any action. Barring explicit action by Congress, the Tribe retains sovereign authority over child custody and guardianship matters for its tribal members.

The four minor Plaintiffs in this case have been deemed tribal dependents by the Muckleshoot Tribal Court and are therefore subject to the exclusive jurisdiction of the Tribal Court. Plaintiffs' counsel must look to the Tribal Court, rather than the United States, for access to the children.

United States' Response to
Plaintiffs' Motion for
Attorney/Client Contact
2:19-cv-00069-RSL - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.  Plaintiffs' Counsel has Not Been Denied Access to the Minor Plaintiffs

Plaintiffs' counsel seeks to have the United States facilitate ongoing contact with the children in this case, but for the reasons set forth above, the United States does not have jurisdiction over these children and any court order directing otherwise would not be binding on the Tribal Court. Furthermore, Plaintiffs' counsel has not been denied access to the minor Plaintiffs. Rather, Plaintiffs' counsel has failed to seek guidance or authority from the Tribal Court to coordinate access to its tribal dependents.

Plaintiffs' counsel has been advised by the Tribe's attorneys on three separate occasions that the four minor Plaintiffs are dependents of the Tribal Court and advised to consult with the Tribal Court to coordinate access to the children, and/or appointment of an independent guardian ad litem who could coordinate meetings and communications with the four minors. Crable Decl. at ¶¶ 17-19; Ex. A-C. This is not only the preference of the Tribe, but mandated by the Tribal Court from the time of its initial dependency order in regards to the children. *Id.* at ¶ 8. It is also in accord with the Tribe's detailed Child and Family Welfare Ordinance that sets forth specific policies and procedures related to dependency proceedings and guardianships of tribal children. *Id.* at ¶ 8, Ex. D. Finally, it is imperative in this case, as there are four children involved, one of whom is nearing adulthood and has recently been appointed an attorney to speak on her behalf before the Tribal Court. *Id.* at ¶ 5. The Tribe is concerned about the emotional fragility and stability of the children and how communications with counsel regarding the subject matter of this case may impact each of them. *Id.*, Ex. C. The Tribal Court, with a full understanding of the dependency proceedings and the reasons therefore, is in the best position to evaluate and manage these complexities in accordance with its orders, as well as Tribal policies and procedures.

United States' Response to
Plaintiffs' Motion for
Attorney/Client Contact
2:19-cv-00069-RSL - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Furthermore, as evidenced by the Tribe's correspondence with Plaintiffs' counsel, the Tribe is attempting to act in the children's best interests and comply with its own policies and procedures by ensuring contact with the children is directed through the Tribal Court. *Id.* at Ex. A-C. The Tribe agrees that it is not an appropriate guardian to assist Plaintiffs' counsel and that an independent guardian should be appointed by the Tribal Court. *Id.* The Tribe has provided information on how to file a motion before the Tribal Court and has offered to jointly seek appointment of an independent guardian ad litem. *Id.* at ¶ 21. However, to date, Plaintiffs' counsel has not contacted the Tribal Court, requested appointment of a guardian or sought any type of relief from the Tribal Court. Norton Decl. at ¶¶ 2-4.

As Plaintiffs' counsel has made no attempt to secure access to the children through the Tribal Court, he cannot claim that he has been denied access to the children by the Tribe. The Tribal Court has exclusive jurisdiction over the children and is best situated to evaluate and manage any contact with the children and their existing guardians and/or attorney. Plaintiffs' counsel must seek guidance and authority from the Tribal Court to facilitate contact with the children. The United States and this Court lack necessary information and authority to accord Plaintiffs' counsel the relief sought.

## IV.   CONCLUSION

For the foregoing reasons, the United States requests the Court deny Plaintiffs' motion and direct Plaintiffs' counsel to seek relief from the Tribal Court.

United States' Response to
Plaintiffs' Motion for
Attorney/Client Contact
2:19-cv-00069-RSL - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 18th day of February, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney


s/  Tricia Boerger
TRICIA BOERGER, WSBA #38581
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
Phone:  206-553-7970
Fax:  206-553-4067
Email:  tricia.boerger@usdoj.gov
*Attorneys for the United States of America*

United States' Response to
Plaintiffs' Motion for
Attorney/Client Contact
2:19-cv-00069-RSL - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on February 18, 2020, I electronically filed said pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

Allen M. Ressler          allen@resslertesh.com

I further certify that on February 18, 2020, I mailed by United States Postal Service said pleading to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

-0-

Dated this 18th day of February, 2020.

s/ Julene Delo
JULENE DELO, Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:  206-553-4067
Email:  julene.delo@usdoj.gov

United States' Response to
Plaintiffs' Motion for
Attorney/Client Contact
2:19-cv-00069-RSL - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970