The Honorable Robert S Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

S.B., M.B., J.M. Jr., and G.M., minors, by Bruce A. Wolf, their guardian ad litem,

Plaintiffs,

v.

UNITED STATES OF AMERICA AND STATE OF WASHINGTON,

Defendants.

NO. 2:19-cv-00069-RSL

STATE OF WASHINGTON'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY/CLIENT CONTACT

## I. INTRODUCTION

The Court should deny the motion to the extent Plaintiffs' counsel asks for an order directing the State of Washington to do anything. The State has no jurisdiction over the children, as they became dependents of the Muckleshoot Tribe in 2013. While there was a guardian ad litem appointed for state court proceedings, the King County Superior Court vacated that order in light of the Tribe's jurisdiction of the Plaintiffs. Given the Tribe's jurisdiction, the State knows of nothing it can or has to do to facilitate attorney/client communications, and it would be inappropriate for the State to step on the Tribal court's exclusive jurisdiction.



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(360) 709-6470

## II. FACTS

Plaintiffs are four minors under the age of 18, all with the same mother. Dkt. # 34 at 2. They are all part of the Muckleshoot Tribe. Dkt. # 34 at 1. Plaintiffs S.B. and M.B. were wards of the State until jurisdiction was transferred to the Tribe on October 15, 2013. Dkt. # 27 at ¶ 2. Plaintiffs J.M. and G.M. have been in the dependency of the Tribe since May 2013, but were not previously wards of the State. Dkt. # 27 at ¶ 3. The State's understanding is that those dependencies are still open in the Tribal court. *See* Dkt. # 27 at ¶ 2. Because of the Tribal jurisdiction, the State does not make decisions regarding placement of the children, nor can it direct where the children will be.

In 2016, the King County Superior Court appointed Bruce A. Wolf to be the guardian ad litem (GAL) for the children. Dkt. # 24-5. Through Wolf, Plaintiffs filed this action in 2019, first bringing claims against just the United States, and then adding the State as a defendant. Dkt. # 1, 14. The Tribe moved to vacate the appointment of the guardian ad litem, and in August 2019, the superior court vacated the appointment, finding that the Tribe had exclusive jurisdiction since 2013 and that it had to receive notice. Dkt. # 24-6. Plaintiffs' counsel then asked this Court to appoint a GAL, but this Court ruled that a GAL was not necessary in light of counsel's ability to represent the Plaintiffs' interests. Dkt. # 24, 31.

During and following those motions, Plaintiffs' counsel communicated with the Tribe's attorney. *See* Dkt. # 34-3. The Tribe's attorney explained that contact with the Plaintiffs would need to go through the Tribal court, which still had jurisdiction over the children. Dkt. # 34-3. The State is unaware whether Plaintiffs' counsel has moved to appoint a GAL for the Plaintiffs in Tribal court, or whether Plaintiffs' counsel has contacted any already-appointed GAL for any Plaintiff.

Plaintiffs' counsel brought this motion for the Court to order Defendants to take steps so that the Tribe will allow meetings to occur. Dkt. # 34 at 1. While the motion mentions the State in its facts, it never argues what the Court should order the State to do. And at the end of the motion, Plaintiffs' counsel asks only that the Court "to permit Plaintiffs to have access to their counsel and



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(360) 709-6470

to direct the Defendant United States take whatever steps required to ensure this access." Dkt. # 34 at 7.

## III. ARGUMENT

The Court should deny the motion, at least with respect to the State. As far as the State knows, Plaintiffs' counsel do not ask the Court to order the State to do anything. In any event, the State has no jurisdiction over the Plaintiffs—the Tribe does. *See Navajo Nation v. Confed. Tribes and Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1045 (9th Cir. 2003) (citing 25 U.S.C. § 1911) ("ICWA confers exclusive jurisdiction upon tribal courts over an Indian child who is domiciled on a reservation."). While a State can have concurrent jurisdiction with a Tribe, the State's jurisdiction can transfer to a Tribal court by petition or agreement of the parents. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 36 (1989); *see also Native Vill. of Venetie I.R.A. Council v. Alaska*, 944 F.2d 548, 555 (9th Cir. 1991) (even if there is concurrent jurisdiction of a child, all courts must give full faith and credit to Tribal courts' child custody determinations).

Here, the Tribe has had this exclusive jurisdiction since May 2013 for J.M. and G.M, and since October 2013 for S.B. and M.B., when the Tribal court entered the order of dependency. It appears that the Plaintiffs remain domiciled with the Tribe and are dependents of the Tribe. As such, since 2013, the State no longer had jurisdiction regarding the children.

Further, the State knows of no authority where a Court ordered a State to assert authority over a Tribe to force the Tribal court to allow its dependent children (who might have emotional or psychological needs) to meet with an attorney. Such a holding would have States encroach on the sovereignty of the Tribe and its courts. *See Fisher v. District Court of Sixteenth Judicial Dist. of Montana, in and for Rosebud County*, 424 U.S. 382, 387-88 (1976) (allowing state court jurisdiction concurrent to a Tribal court "would create a substantial risk of conflicting adjudications affecting the custody of the child and would cause a corresponding decline in the authority of the Tribal Court.").



ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(360) 709-6470

This is likely why Plaintiffs' counsel does not discuss the State in its argument or conclusion, but instead focus on the Indian Self-Determination & Education Assistance Act, Pub. L. 93-638, 88 Stat. 2203 (Jan 4, 1975), and the Federal Tort Claims Act. Dkt. # 34 at 4-6. Neither of these sources implicate the State in decisions about how a plaintiff communicates with their counsel. And while a party has a right to counsel, there is no requirement that a State be ordered to provide assistance to a Plaintiff's counsel when dealing with minor children subject to a Tribe's jurisdiction.

Plaintiffs' counsel's motion thus lacks any factual or legal support for an order regarding the State. The Court should deny the motion with respect to the State.

## IV. CONCLUSION

The Court should deny the motion with respect to the State of Washington.

DATED this 18th day of February, 2020.

ROBERT W. FERGUSON
Attorney General

*/s/ Paul M. Crisalli*
PAUL M. CRISALLI, WSBA #40681
Assistant Attorney General
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
Paul.crisalli@atg.wa.gov
*Attorneys for Defendant State of Washington*