Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| S.B., M.B., J.M. Jr., and G.M., minors, by Bruce A. Wolf, their guardian ad litem,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA AND STATE OF WASHINGTON<br><br>Defendants. | No. 2:19-cv-00069-RSL<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEY/CLIENT CONTACT<br><br>NOTE ON MOTION CALENDAR:<br>February 21, 2020 |

## I. REPLY

**A. Introduction.**

The United States conflates dependency and guardianship proceedings with civil tort actions. It repeatedly argues that the Tribe has the exclusive authority over child custody, dependency, and guardianship matters. There is no dispute that the legal guardian of Plaintiffs is the Tribe or that the Tribe has authority over Plaintiffs in such matters. However, those proceedings have nothing to do with a tort action brought under the FTCA. The dependency and

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR ATTORNEY/CLIENT CONTACT – 1
(2:19-cv-00069-RSL)

LAW OFFICES OF RESSLER & TESH
821 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98104
(206) 388-0333

1  child custody laws cited by the United States simply do not affect this FTCA tort action. The
2  United States argues that since the Tribe has authority over dependency proceedings, it must have
3  authority over all proceedings. This is argument is without merit.

4  The United States repeats the claims made by the Tribe that a guardian ad litem must be
5  appointed for these children, ignoring this Court's order that "no guardian ad litem is necessary
6  to pursue this action because plaintiffs' counsel adequately represents plaintiffs' interests." (Dkt.
7  31.)

8  The United States does not deny that the Tribe is "deemed" to be part of the Department
9  of the Interior or the Department of Health and Human Services for purposes of this proceeding.

10  The United States also ignores the authority cited by Plaintiffs that civil litigants in a tort
11  action have a constitutional right to access with their attorneys and provides no response.

12  **B. This is a FTCA Tort Action, Not a Child Custody Matter.**

13  The United States citations to law regarding a tribe's various general sovereign powers,
14  have no bearing on this FTCA action. It also recites law surrounding the Indian Child Welfare
15  Act ("ICWA"). Plaintiffs agree that the Tribe has exclusive jurisdiction under the ICWA over
16  Plaintiffs' ongoing dependency matters. However, the ICWA jurisdiction requirement only
17  applies to a "*child custody proceeding* involving an Indian child who resides or is domiciled
18  within" a reservation. 25 U.S.C. § 1911 (emphasis added). The ICWA defines "child custody
19  proceeding" as a proceeding involving either a "foster care placement," "termination of parental

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR ATTORNEY/CLIENT CONTACT – 2
(2:19-cv-00069-RSL)

LAW OFFICES OF RESSLER & TESH
821 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98104
(206) 388-0333

1  rights," "preadoptive placement," or an "adoptive placement." 25 U.S.C. § 1903. The ICWA
2  simply does not apply to a tort action.[1]

3  The FTCA and the ISDEAA control in this proceeding. Congress may act to restrict a
4  Tribe's sovereignty, as "Congress has plenary authority to limit, modify or eliminate the powers
5  of local self-government which the tribes otherwise possess." *Santa Clara Pueblo v. Martinez*,
6  436 U.S. 49, 56 (1978). When "Congress clearly indicates that Indian tribes are subject to a given
7  law, no tribal sovereignty exists to bar the reach or enforcement of that law." *Chippewa Cree*
8  *Tribe of Rocky Boy's Reservation, Montana v. U.S. Dep't of Interior*, 900 F.3d 1152, 1159 (9th
9  Cir. 2018).

10 Here, under the ISDEAA and the FTCA, Congress did exactly that. When a tribe enters
11 into a contract or agreement under the ISDEAA, it is "deemed" a part of the United States (either
12 the Department of the Interior or the Department of Health and Human Services) when "carrying
13 out" such a contract or agreement. Pub.L. No. 101–512, Title III, § 314, 104 Stat. 1915, 1959–60
14 (1990). When a tort claim arises from the "carrying out" of a contract or agreement under the
15 ISDEAA, the FTCA is the exclusive remedy and the federal courts have exclusive jurisdiction
16 over such claims. *Id*.; 28 U.S. Code § 1346(b)(1).

17 **C. The Tribe is the United States in this Action.**

18 Though the United States recites the ISDEAA and the FTCA law that Plaintiffs cited, it
19 ignores the clear language of the statutes and makes the confusing argument that since the
20 ISDEAA and the FTCA do not control "child custody or guardianship matters," the United States

---

[1] The United States admits that the cited Muckleshoot Tribe law only applies to "dependency cases." It has no bearing to a FTCA tort action.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR ATTORNEY/CLIENT CONTACT – 3
(2:19-cv-00069-RSL)

LAW OFFICES OF RESSLER & TESH
821 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98104
(206) 388-0333

therefore need not facilitate access between Plaintiffs and their counsel. Plaintiffs' contact with their counsel to prepare for trial for this action has *nothing* to do with Plaintiffs ongoing dependency matters.

Notably, the United States does not dispute Plaintiffs' position that the Tribe is "deemed" to be part of the Department of the Interior or the Department of Health and Human Services. Despite the directive of the ISDEAA and the FTCA, the United States argues that the tribal court has exclusive authority over fundamental aspects of this FTCA action, namely contact between Plaintiffs and their counsel. Since the Tribe is "deemed" to be the United States in this action, the United States can and must facilitate Plaintiffs' access to their counsel.

**D. Plaintiffs Have Been Denied Access to Their Counsel.**

The United States maintains that since Plaintiffs' counsel have not availed themselves to the Tribe's court, no denial of access to counsel has occurred. This argument presumes that its original argument is correct and that in order to proceed with this FTCA action, Plaintiffs' counsel must petition for the appointment of a guardian ad litem in tribal court. Neither the tribe nor the United States addresses this Court's order that the appointment of a guardian ad litem is not necessary. Nor do they explain what it is that a guardian ad litem would do in this case. Plaintiffs' counsel has investigated and concluded that sufficient evidence existed to warrant pursuing this FTCA action on behalf of the four children. Counsel gathered records to establish the merits of the tort action and the damages suffered by the children. This office's preparation for trial and has been stalled by our inability to meet with our clients. The Tribe has refused to facilitate any contact with Plaintiffs. When the children were in their previous placement we met with the older

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR ATTORNEY/CLIENT CONTACT – 4
(2:19-cv-00069-RSL)

LAW OFFICES OF RESSLER & TESH
821 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98104
(206) 388-0333

children and had some discussions about the case. There is no suggestion that these meetings were damaging to the children's wellbeing.

Plaintiffs' counsel has decades of experience in litigating abuse cases on behalf of minors and is well versed in how to interact with children of all ages who have suffered from years of abuse and neglect.[2]

## II. CONCLUSION

The United States' position ignores controlling law and ignores this Court's order. Here, the Court has ordered and found that Plaintiffs' counsel adequately represents the children for this tort action and that no guardian ad litem is necessary. It is uncontested that the Tribe and the United States are the same in this action. It is undisputed that Plaintiffs have a fundamental right to have access to their attorneys to prepare for trial. Consequently, the United States should be ordered to facilitate access between Plaintiffs and their counsel.

Dated this 21st day of February 2020.

s/ Allen M. Ressler
State Bar Number 5330
Ressler & Tesh PLLC
821 Second Avenue, Suite 2200
Seattle, WA 98104
Telephone: (206) 388-0333
Fax: (206) 388-0197
E-mail: allen@resslertesh.com

---

[2] It should be noted that the United States would have Plaintiffs' counsel be forced to become a member of the Muckleshoot Tribal Court to even petition that court for any relief. Presumably that would require an oath to uphold Tribal laws. It is quite possible, given Muckleshoot Child and Family Welfare Ordinance, Title 12, Chapter 12.01.080, that those laws forbid any action against the Tribe. This would be untenable.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR ATTORNEY/CLIENT CONTACT – 5
(2:19-cv-00069-RSL)

LAW OFFICES OF RESSLER & TESH
821 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98104
(206) 388-0333