UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.B., M.B., J.M., Jr., and G.M., minors, by Bruce A. Wolf, their guardian ad litem,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and STATE OF WASHINGTON,<br><br>Defendants. | Case No. C19-69RSL<br><br>ORDER |

This matter comes before the Court on plaintiffs' "Motion for Attorney/Client Contact." Dkt. #34. Having reviewed the memoranda, declarations, and exhibits of the parties, the Court finds as follows:

Plaintiffs are minor children who are dependents of the Muckleshoot Indian Tribe ("Tribe"). Plaintiffs allege that they suffered years of abuse and neglect in their biological mother's home, and that the Tribe and State of Washington ("State") repeatedly removed and returned them to her home, resulting in continued abuse and neglect. In June 2016, Nickolas Bakke, the father of S.B. and M.B., contacted plaintiffs' counsel, who investigated plaintiffs' allegations and determined that they had viable claims against the State and the Tribe. Meanwhile, plaintiffs' counsel petitioned the King County Superior Court requesting the appointment of Bruce A. Wolf as plaintiffs' limited guardian ad litem ("GAL"). Plaintiffs subsequently brought the instant action pursuant to the Federal Tort Claims Act ("FTCA"), alleging claims for negligent investigation and negligence against the United States and the

ORDER - 1

State.  See Dkt. #14 at ¶¶ 5.1-5.6.  On August 23, 2019, the Tribe successfully moved to vacate Wolf's GAL appointment in King County Superior Court on grounds that the Tribal Court had exclusive jurisdiction over the children's dependency matters.  Thereafter, plaintiffs moved this Court for appointment of a GAL under Federal Rule of Civil Procedure ("Rule") 17(c)(2).  Dkt. #24.  On November 7, 2019, this Court issued an order declining to appoint a GAL for plaintiffs on the ground that no GAL was necessary because plaintiffs' counsel could adequately represent plaintiffs' interests.  See Dkt. #31.  Plaintiffs' counsel now asserts that he has remained unable to meet with his clients.  He accordingly moves for an order directing defendants "to take such steps that will allow these meetings to occur."  See Dkt. #34 at 1.

Defendants oppose plaintiffs' motion.  See Dkts. #35, #38.  The United States argues that, because the Tribal Court has exclusive jurisdiction over the plaintiffs' dependency proceedings, the United States lacks authority to facilitate plaintiffs' counsel's contact with his clients.  The United States urges plaintiffs' counsel to petition the Tribal Court for access to the minor plaintiffs in this matter.

The Court agrees with plaintiffs' counsel that plaintiffs' current lack of access to counsel must be remedied.  Cf. Danny B. ex rel. Elliott v. Raimondo, 784 F.3d 825, 831-34 (1st Cir. 2015).  However, as the United States emphasizes, the Indian Child Welfare Act ("ICWA") "confers exclusive jurisdiction upon tribal courts over an Indian child who is domiciled on a reservation." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1045 (9th Cir. 2003).  While plaintiffs' counsel argues that the ICWA is not applicable in this case, the Court is not persuaded that it has jurisdiction to compel the United States to facilitate contact between him and the minor plaintiffs, who are dependents of the Tribe.  Although an apparent structural conflict prevents the Tribe from representing plaintiffs' interests in this action, the Tribe has emphasized its willingness to seek joint appointment of an independent GAL and/or to facilitate contact between plaintiffs' counsel and plaintiffs through the Tribal Court.  See Dkts. #36 (Crable Decl.); #36-1 (Ex. A); #36-2 (Ex. B); #36-3 (Ex. C).  Plaintiffs' counsel has not articulated why he is unwilling to coordinate with the Tribal Court to

ORDER - 2

ensure that the minor plaintiffs' interests are adequately safeguarded,[1] and the Court has no reason to doubt the Tribal Court's assertion of its willingness to do so.

In the Court's view, all parties are committed to doing right by the minor plaintiffs, and we cannot allow structural arguments to defeat that key purpose. Accordingly, plaintiffs' counsel should contact the Muckleshoot Tribal Court to coordinate the contact plaintiffs must have with their counsel. The United States should assist with facilitating that contact. Plaintiffs' Motion for Attorney/Client Contact (Dkt. #34) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of July, 2020.

*Robert S. Lasnik (signature)*

Robert S. Lasnik
United States District Judge

---

[1] In a footnote in his reply, plaintiffs' counsel expresses concern that if he seeks relief with the Tribal Court, Muckleshoot Child and Family Welfare Ordinance 12.01.080, which prohibits "[d]amage suits against any employee, officer, or agent of the Muckleshoot Indian Tribe . . . for disputes arising under this ordinance or the regulations promulgated hereunder," see Dkt. #36-4 (Ex. D) at 6, might "forbid [him from bringing] any action against the Tribe." Dkt. #39 at 5 n.2. The Court does not share this concern, as plaintiffs' counsel does not explain why this ordinance would bear any relevance in a federal FTCA action in which the Tribe is not named as a defendant.

ORDER - 3